IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY ABRAHAMSON, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| KIMBERLY-CLARK GLOBAL SALES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Judy Abrahamson ("Plaintiff" or "Abrahamson"), and files this Complaint against Defendant Kimberly-Clark Global Sales, LLC ("Defendant" or "Kimberly-Clark"), and shows the following:

## I.     Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Kimberly-Clark Global Sales, LLC is a Delaware corporation and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant as a paralegal from November 2004 through August 3, 2013.

7.

At times during the last three years, Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout Plaintiff's employment with Defendant, including the period of June 6, 2011 – August 3, 2013 (the relevant period for this action), Abrahamson was employed as a paralegal and was non-exempt from the overtime requirements of the FLSA.

9.

Throughout Plaintiff's employment with Defendant, including the period of June 6, 2011 – August 3, 2013, Abrahamson's primary duty was the performance of non-exempt work, specifically paralegal tasks involved in assisting Defendant's attorneys.

10.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

11.

From June 6, 2011 – August 3, 2013, while employed by Defendant as a paralegal, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours she worked over (40) in many workweeks. On a small number of occasions, Plaintiff received overtime compensation.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

From June 6, 2011 – August 3, 2013, while employed by Defendant as a paralegal, Plaintiff was paid on a salary basis and was not paid overtime compensation for many of the hours she worked in excess of 40 in workweeks.

14.

Throughout her employment with Defendant as a paralegal, including the period of June 6, 2011 – August 3, 2013, Plaintiff's primary duty did not include the exercise of discretion and independent judgment in matters of significance.

15.

Throughout her employment with Defendant as a paralegal, including the period of June 6, 2011 – August 3, 2013, Plaintiff's primary duty was not the performance of work directly related to the management or general business operation of Kimberly-Clark, or its customers.

16.

The professional ethical obligations of Defendant's attorneys, to whom Plaintiff reported, preclude Defendant's paralegals, including Plaintiff, from exercising the requisite degree of discretion and independent judgment on matters of significance to fall within the purview of the administrative exemption to the overtime requirements of the FLSA.

17.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

18.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

19.

From June 6, 2011 – August 3, 2013, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## **Count I**

## **Violations of the Fair Labor Standards Act.**

20.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

21.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

22.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

22.

Defendant's violations of the FLSA were willful and in bad faith.

23.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

24.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

### IV. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D) Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 6th day of June, 2014.

                                       **BARRETT & FARAHANY, LLP**

                                       /s/ V. Severin Roberts
                                       Amanda A. Farahany
                                       Georgia Bar No. 646135
                                       V. Severin Roberts
                                       Georgia Bar No. 940504
                                       Attorneys for Judy Abrahamson

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile