## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("Agreement") is made this __ day of November 2014, by and between Defendant Kimberly-Clark Global Sales, LLC ("Kimberly-Clark" or "Defendant"), on one side, and Plaintiff Judy Abrahamson ("Plaintiff"), to resolve Plaintiff's claims in the lawsuit styled *Judy Abrahamson v. Kimberly-Clark Global Sales, LLC*, Case No. 14-cv-01756, pending in the United States District Court for the Northern District of Georgia (the "Lawsuit"). For and in consideration of the mutual covenants contained herein, Kimberly-Clark, Plaintiff agrees as follows:

1. Upon execution of this Agreement, the parties will submit to the United States District Court for the Northern District of Georgia where the Lawsuit is pending ("Court") a Joint Motion to Dismiss with Prejudice ("Motion") and will seek the Court's approval of this Agreement and the Court's entry of the Motion.

2. While there was a bona fide dispute between the parties as to the claims asserted in the Lawsuit, subject to the terms and conditions set forth in this Agreement, Kimberly-Clark agrees to make the following payments to Plaintiff and Plaintiff's Attorneys following approval of this Agreement by order of the Court as to Plaintiff and Kimberly-Clark and within thirty (30) days after Kimberly-Clark receives the Agreement fully executed by Plaintiff:

   a. Kimberly-Clark will pay the amounts specified in the Wages column in Exhibit B to Plaintiff. The payment listed in the Wages column in Exhibit B will be treated as wages, meaning that customary state and federal withholdings will be deducted from the gross amount, and the payment will be reflected on a W-2 form submitted by Kimberly-Clark to Plaintiff.

   b. Kimberly-Clark will pay the sum of $17,600.00 representing attorneys' fees and $695.05 in costs made payable to Barrett & Farahany LLP. A Form 1099 for the full amount of this payment shall be issued to Plaintiff's Attorneys. A Form 1099 for Plaintiff's individual portion as set forth in the Attorneys' Fees column in Exhibit B will be issued to Plaintiff.

  3. For and in consideration of the mutual promises contained herein:

   a. Plaintiff does hereby and forever release, as of the date of this Agreement, Kimberly-Clark and its parents and affiliated entities, subsidiaries, successors, assigns, and each and all of its respective officers, directors, employees, owners, agents, attorneys, lessees, managers, shareholders, underwriters, and insurers, both in their individual capacities and in their capacities as employees and/or agents of Kimberly-Clark, and any and all other persons, partnerships, corporations and/or entities (hereinafter referred to as "Released Parties") from any and all charges, claims, complaints, liabilities, obligations, promises, agreements, controversies, damages, actions, omissions, claims for relief, suits, rights, demands, costs, lawsuits, and expenses (including attorneys' fees and costs actually incurred) of any nature whatsoever, known or unknown, suspected or unsuspected, which Plaintiff now has or claims to have, or which Plaintiff at any time heretofore had or claims to have had, against each or any of the Released Parties, arising out of or related to any matter, event, fact, act, omission, cause or thing which existed, arose or occurred on or prior to the date of the execution of this Agreement. Plaintiff's agreement to release her claims include, without limitation, any claim for wages, compensation, overtime, bonuses, meal or rest period premiums, penalties, interest, attorneys' fees or costs; any claim under the Civil Rights Act of 1866, 42 U.S.C. § 1981, 42 U.S.C. § 1983, the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (including, but not limited to, the Older Worker Benefit Protection Act), the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, (including, but not limited to COBRA), the Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, or any other relevant federal, state, or local statutes or ordinances, or other laws relating to Plaintiff's employment with Kimberly-Clark. This release also includes, but is not limited to, any claim for negligent or intentional infliction of emotional distress, conversion, violation of public policy, wrongful termination, retaliation, breach of contract, unfair business practices or any other claim, however styled, relating to or arising of Plaintiff's employment with, or separation of employment from, Kimberly-Clark. Plaintiff further agrees that she will not bring any class or collective action in connection with any claims released in this Agreement, nor will she take part in, or receive any benefit from, any class or collective action brought on her behalf in connection with any claims released in this Agreement. In the event that any person or entity should bring such class or collective action on Plaintiff's behalf for claims released in this Agreement, Plaintiff hereby waives and forfeits any right to recovery under said action and will exercise every good faith effort to have such action dismissed.

        b. Plaintiff represents and warrants that there has not been and there will be no assignment, subrogation or other transfer of any interest in any of the released claims. Plaintiff agrees to indemnify and hold the Released Parties harmless from any liability, claims, demands, costs, expenses and attorneys' fees incurred by the Released Parties as a result of any

person asserting any such assignment or transfer of any rights to claims under any such assignment or transfer.

   c. Plaintiff agrees that Defendant shall be entitled to maintain proceedings either at law or in equity for any breach of the Agreement by Plaintiff, to enforce the specific performance of this Agreement and/or to obtain damages for any breach thereof, and without regard to any or all remedies sought by Kimberly-Clark. Kimberly-Clark shall be entitled to recover reasonable attorneys' fees incurred in enforcing the Agreement.

   d. The parties agree that the Court shall retain jurisdiction to address any disputes between the parties regarding this Agreement.

   e. Plaintiff represents that she has not filed any complaints, charges, or lawsuits against Kimberly-Clark or a Releasee with any governmental agency or any Court other than the underlying litigation.

  4. Plaintiff hereby waives and releases all claims for attorneys' fees and costs in connection with the Lawsuit.

  5. It is recognized and agreed that this Agreement is being made purely on a compromise basis and that Kimberly-Clark denies any liability to Plaintiff or to any other person whatsoever growing out of or connected with the Lawsuit. In fact, Kimberly-Clark denies that it is liable on any of the claims made in the Lawsuit.

  6. The parties further agree that Plaintiff will keep confidential, and not make public in any way, the terms of this Agreement unless required to disclose the same by court order. If required by court order to disclose the terms of the Agreement, Plaintiff agrees that she will provide at least ten (10) days advance written notice of such proposed disclosure to Kimberly-Clark's attorney, Daniel M. O'Keefe, Bryan Cave LLP, One Metropolitan Square, 211 N.

Broadway, Suite 3600, St. Louis, Missouri 63102, Telephone: (314) 259-2000, Facsimile: (314) 259-2020. The parties further agree that nothing herein shall be construed to prevent them from fully and truthfully disclosing the terms of the Agreement with their respective spouses, attorneys, or tax preparers, who shall be advised of and who shall be held to the same standard of confidentiality as Plaintiff. If Plaintiff is asked about the Lawsuit or its disposition, they shall state only that the matter has been settled, resolved, or dismissed, or words to that effect, and shall not disclose any other information about the Lawsuit or the settlement thereof, including the amount of any settlement proceeds or the method of calculating same.

7. This Agreement shall be executed in duplicate originals and Plaintiff and Kimberly-Clark's attorneys shall each retain an original and serve as the custodian of same.

8. The parties hereto agree that this Agreement may not be modified, altered, or changed except by a written agreement signed by the parties hereto. The parties acknowledge that this constitutes the entire agreement between them superseding all prior written and oral agreements, and that there are no other understandings or agreements, written or oral, among them on the subject.

9. The provisions of this Agreement are severable, meaning that if any part is found to be unenforceable or inoperable, then such provisions shall be deemed severed, and all other parts shall remain fully valid and enforceable.

10. Plaintiff hereby acknowledges that Kimberly-Clark has advised her herein in writing to consult with an attorney specifically concerning this Agreement, its meaning and effect.

11. Plaintiff hereby acknowledges that she has read and fully understands the terms of this Agreement and the effect of signing the same. Plaintiff further acknowledges that she enters

into this Agreement willingly, freely, without duress or compromise, and after having had this Agreement, its meaning and effect, explained to her by attorneys of her choice.

12. By executing this Agreement, Plaintiff acknowledges that she has been given a reasonable period of time within which to consider this Agreement, its meaning, and the claims she is releasing, before executing this Agreement.

13. The parties agree that separate copies of this document shall constitute original documents which may be signed separately but which together will constitute one single agreement. The parties agree that this Agreement will not be binding on any party, however, until signed by all parties or their representatives.

14. This Agreement shall be construed and governed by the laws of the State of Georgia.

IN WITNESS WHEREOF, the undersigned parties have executed this Confidential Settlement Agreement.

[Signatures appear on pages seven (7) through eight (8)]

PURSUANT TO 28 U.S.C. § 1746, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I AFFIRM THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND, UNDERSTANDING ALL OF ITS TERMS, SIGN IT OF MY FREE WILL.

1/16/2015
Date

*Judy Abrahamson*
Judy Abrahamson
225 Blue Heron Ln
Alpharetta, GA 30092

PURSUANT TO 28 U.S.C. § 1746, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I AFFIRM THAT I HAVE READ THIS CONFIDENTIAL SETTLEMENT AGREEMENT, AND UNDERSTANDING ALL ITS TERMS, I SIGN IT ON BEHALF OF KIMBERLY-CLARK GLOBAL SALES, LLC AS THE FREE ACT AND DEED OF KIMBERLY-CLARK.

Date: 1/21/15

Kimberly-Clark Global Sales, LLC

By: _____

Title: Vice President + Deputy General Counsel-KCP Global

## EXHIBIT B
## TO CONFIDENTIAL SETTLEMENT AGREEMENT

| Plaintiff | Wages | Attorneys' Fees and Costs |
|---|---|---|
| Judy Abrahamson | $25,704.95 [less applicable federal, state, or local withholdings] | $18,295.05 |

4447716
4447716.2